IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE NORTHFIELD LABORATORIES, INC. SECURITIES LITIGATION | : : : : : | No.  06 CV 1493 (consolidated)<br><br>Judge George M. Marovich<br>Magistrate Nan R. Nolan |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEFENDANT NORTHFIELD LABORATORIES, INC. TO RESPOND TO PLAINTIFFS': (1) FIRST REQUEST FOR PRODUCTION OF DOCUMENTS NOS. 17-20; AND (2) FIRST INTERROGATORIES NOS. 4 -5.**

## I.  ARGUMENT

Northfield's speculative arguments and "scenarios" on class certification only demonstrate the importance of the documents Plaintiffs seek to obtain.  Northfield continues to contend that Plaintiffs are required to prove loss causation at the class certification stage in order to enjoy the fraud-on-the-market presumption of reliance. [1]  In order for Plaintiffs to prove loss causation, Plaintiffs will have to show that the Northfield's omissions and misstatements of fact proximately caused Northfield's stock to drop.  In this case, Plaintiffs will have to demonstrate that the disclosure of the SEC and Senate Finance Committee inquiries/investigations are (i) related to the alleged misstatements about the ANH clinical trial; and (ii) that Northfield's stock price declined as a result of public disclosure of the SEC and Senate Finance Committee investigations.  Plaintiffs seek documents to prove that that the SEC and Senate Finance Committee inquiries resulted from the alleged misconduct, i.e. the omissions and misstatements pertaining to the ANH trial caused the SEC and Senate Finance Committee to initiate the investigations.  *See Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173 (2d Cir. 2005) ("Thus to establish loss causation, a plaintiff must allege .. that the *subject* of the fraudulent statement or omission was the cause of the actual loss suffered") (emphasis in original, quotation marks and citation omitted); *see also In re Imax Secs.*

---

[1]    The arguments made herein shall not be construed as any concession or acknowledgement as to whether Plaintiffs are required to the prove loss causation during class certification.  This legal issue will be addressed in the class certification briefing.

*Litig.*, 2008 WL 4307981, at * 11 (S.D.N.Y. Sept. 16, 2008) (holding that SEC investigation concerned the same subject matter of the alleged fraud sufficiently demonstrated loss causation) (citing cases).

Northfield asserts that Plaintiffs are not permitted to obtain non-public documents in class certification discovery because the fraud on the market presumption of reliance focuses on investor reaction to public disclosure of information. This contention is wrong on several levels. Firstly, limiting discovery to publicly available information is the equivalent of not permitting any discovery at all. Secondly, while the focus of the fraud on the market theory is on how public disclosures about the Company's stock are processed by investors and incorporated into the stock price, it is not the exclusive focus. The inquiry also focuses on the truth and completeness of the public disclosures. If a disclosure is only a partial truth and additional negative facts are concealed by the Company, this is very significant for the element of loss causation, as the stock price will remain ":inflated" until the full truth is revealed. *See In re Bristol Myers Squibb Co. Secs. Litig.*, 2008 WL 3884381, at * 14 (S.D.N.Y. Aug. 20, 2008) (explaining and citing cases, that the disclosure of criminal investigation was the first in a series of partial corrective disclosures and satisfied loss causation of alleged misstatements and omissions). To determine whether Northfield's public disclosures are full or only partial disclosures of the fraud, an inquiry into non-public information is necessary.

Defendants insist on improperly engaging in a loss causation inquiry on class certification. If Defendants are permitted to argue that the SEC and Senate Finance Committee investigations are not related to the ANH elective surgery clinical trial, then the Court cannot prohibit Plaintiffs from discovering non-public facts bearing on the truth of Defendants' public disclosures concerning the focus of the SEC and Senate Finance Committee investigations.

Northfield has continually asserted that the SEC and Senate Finance Committee inquiries/investigation are not related to the fraud (Docket no. 172, pp. 5-6). In its opposition to this motion to compel, Northfield claims that Plaintiffs will be required to demonstrate that the alleged stock drops are not "attributable to other factors, including the mere existence of government investigations …" NFLD Mem. at p. 11.

It is wholly one-sided to permit Defendants to wield a sword claiming the investigations are unrelated to the fraud, while at the same time, providing Defendants a shield from discovery of

the truth of these contested facts. Plaintiffs cannot adequately contest Northfield's asserted arguments on loss causation without access to the facts surrounding their public disclosures.

Northfield also claims that Plaintiffs are not entitled to the requested discovery because Northfield anticipates that it <u>may</u> only argue that there is no loss causation and hence no fraud-on-the-market presumption of reliance because the truth of the alleged fraud was disclosed months prior to stock drops alleged in the Complaint, and caused no stock drop. Northfield claims it will be successful with the so-called "truth on the market"[2] affirmative defense. Northfield is putting the cart before the horse. The glaring problem with Northfield's argument is that it is predicated on an anticipated affirmative defense and ignores that Defendants have taken the position (albeit incorrectly) that Plaintiffs have the initial burden to prove loss causation. Certainly, if Defendants meet the "onerous" burden to prove that the truth of the alleged fraud was already known by the market with a degree of intensity and credibility sufficient to effectively counterbalance any misleading information created by the alleged misconduct, there may be grounds to rebut any showing of loss causation or reliance. However, according to Defendants theory, Plaintiffs must make an initial showing of loss causation, and in order to do that, Plaintiffs require discovery into the subject matter of the SEC and Senate Finance Committee inquiries/investigations.

Northfield's suggestion that requested discovery is an unreasonable financial burden is equally disingenuous. The requisite files may be easily located, reviewed and produced. The cost to copy perhaps a half dozen documents is inconsequential. The cost of answering the interrogatories is nil. In fact, the cost to Northfield of drafting an opposition to this request for discovery far exceeded the cost of complying with the request. Clearly, the tactical benefit to Northfield of prohibiting inquiry on the critical factual issue of loss causation far outweighs any cost it may incur.

Lastly, Northfield's argument that the requested discovery on loss causation is an end around of Judge Marovich's bifurcation order is a smokescreen. Northfield and all other defendants opened the door when they interposed this merits based loss causation defense to class certification and nothing in Judge Marovich's order prohibits discovery into matters pertaining to class certification.

---

[2]     *See Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.*, 2006 WL 3332917, at * 2 (N.D. Ill. Nov. 13, 2006) (generally explaining the truth on the market defense); *Freeland v. Iridium World Communications, Ltd.*, 545 F.Supp.2d 59, 78-81 (D.D.C. 2008) (explaining the affirmative defense and citing numerous cases).

Because Northfield continues to contend that Plaintiffs must prove loss causation at the class certification stage, and Plaintiffs require the requested discovery to prove loss causation, the requested discovery is relevant and is likely to lead to the discovery of admissible evidence.

## II. CONCLUSION

For the foregoing reasons and those stated in Plaintiffs' Memorandum of Law in Support of their Motion to Compel, the Court should compel Northfield to (1) produce all documents responsive to requests no. 17 through 20 to the First RFP; and (2) answers to interrogatories nos. 4-5.

Dated: January 26, 2009                    Respectfully submitted,

                                           **POMERANTZ HAUDEK BLOCK**
                                           **GROSSMAN & GROSS, LLP**


                                            /s Leigh Handelman Smollar
                                           Leigh Handelman Smollar

                                           Patrick V. Dahlstrom
                                           Leigh Handelman Smollar
                                           1 North LaSalle Street
                                           Chicago, Illinois 60602-3908
                                           Tel: (312) 377-1181
                                           Fax: (312) 377-1184

                                           Liaison Counsel for Plaintiffs and the Class

                                           **THE ROSEN LAW FIRM, P.A.**
                                           Laurence M. Rosen
                                           Phillip Kim
                                           350 Fifth Avenue, Suite 5508
                                           New York, New York 10118
                                           Tel: (212) 686-1060
                                           Fax: (212) 202-3827

                                           Lead Counsel for Plaintiffs and the Class