IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| IN RE NORTHFIELD LABORATORIES INC. SECURITIES LITIGATION  ) ) ) ) ) ) ) ) ) | No. 06CV1493 Honorable Judge George M. Marovich Magistrate Nan R. Nolan |

**DEFENDANT NORTHFIELD'S MOTION TO COMPEL**

Defendant Northfield Laboratories Inc. ("Northfield") moves this Court for an Order compelling plaintiffs (1) to produce documents showing their securities trading history (in response to Northfield's Document Requests Nos. 1, 5, & 18); and (2) to identify the information that they contend is new in each of the purported corrective disclosures that they allege occurred in January to March 2006 (in response to Northfield's Interrogatory No. 11).

In support of this motion, Northfield states as follows:

1.  As courts repeatedly have held, the investment history of a named plaintiff bringing a securities action is discoverable because it relates directly to the plaintiff's ability to satisfy the requirements of adequacy and typicality under Rule 23. Northfield is entitled to plaintiffs' trading information in order to determine whether plaintiffs are subject to unique defenses. *See, e.g.*, 1 *McLaughlin on Class Actions* § 3.7 (3d ed. 2008) ("[I]n cases alleging violations of Rule 10b-5 courts have consistently permitted defendants to obtain discovery into the class representative's investment history, including production of trade confirmations, brokerage account statements, securities investment objectives and qualifications during the proposed class period, and a reasonable period prior thereto, in order to reveal a potential unique nonreliance defense"); *Feldman v. Motorola, Inc.*, No. 90-C-5887, 1992 WL 137163, at *3 (N.D. Ill. June 10, 1992).

2. Plaintiffs also should be required to identify what information they contend is "new" in each of the purported corrective disclosures that allegedly precipitated the stock drop in January to March 2006, which supposedly injured the class. The question concerning new information is important because plaintiffs have based their class certification efforts on the fraud-on-the-market presumption of reliance. Under established law, only new information is relevant to the fraud-on-the-market presumption because only new information can move an efficient market. *See, e.g., Teacher's Retirement Sys. of Louisiana v. Hunter*, 477 F.3d 162, 187 (4th Cir. 2007); *Catogas v. Cyberonics, Inc.*, 292 F. App'x 311, 315 (5th Cir. 2008); *In re Omnicom Inc. Sec. Litig.*, 541 F. Supp. 2d 546, 552 (S.D.N.Y. 2008). Plaintiffs improperly have refused to answer the interrogatory. Once plaintiffs are required to specify the purported new information in each of the alleged corrective disclosures, defendants expect to be able to show that the information in fact was disclosed to the market months or years earlier. That result will defeat commonality among putative class members and will contradict the fraud-on-the-market theory upon which plaintiffs rely for class certification.

3. In compliance with Local Rule 37.2, Northfield has met and conferred with plaintiffs' counsel about these topics, but after good faith attempts to resolve their differences, the parties are unable to reach an accord. Plaintiffs continue to maintain that they need not provide the requested information. The attached affidavit of Northfield's counsel details the steps Northfield has taken to resolve this dispute. Before filing this motion, Northfield even waited until plaintiffs submitted their April 1, 2009 expert report on class certification issues to see if the expert would provide the requested information. He did not.

4. In further support of this Motion, Northfield has submitted an accompanying memorandum in support.

WHEREFORE, Northfield requests that this Court enter an Order compelling plaintiffs to produce documents showing their securities trading history (in response to Northfield's Document Requests Nos. 1, 5, & 18), and to identify the information that they contend is new in

each of the purported corrective disclosures that they allege occurred in January to March 2006 (in response to Northfield's Interrogatory No. 11).

Dated: April 9, 2009                                    Respectfully submitted,

                                                        NORTHFIELD LABORATORIES INC.

                                                        s/ Ronald L. Marmer
                                                        One of Its Attorneys

                                                        Ronald L. Marmer
                                                        J. Kevin McCall
                                                        C. John Koch
                                                        Suzanne J. Prysak
                                                        JENNER & BLOCK LLP
                                                        330 N. Wabash
                                                        Chicago, IL  60611
                                                        (312) 222-9350

## CERTIFICATE OF SERVICE

    I, SUZANNE J. PRYSAK, an attorney, hereby certify that on this 9th day of April, 2009, I caused the foregoing **DEFENDANT NORTHFIELD'S MOTION TO COMPEL** to be served with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel in Case No. 06-1493 on the attached service list at their e-mail addresses on file with the Court.

                                               /s/Suzanne J. Prysak  
                                               SUZANNE J. PRYSAK