**FILED**
**NOVEMBER 10, 2009**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE NORTHFIELD LABORATORIES INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) | No. 06CV1493 Honorable Judge George M. Marovich Magistrate Nan R. Nolan |

**SURREPLY MEMORANDUM OF DEFENDANTS
STEVEN A. GOULD AND RICHARD E. DEWOSKIN
IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER**

There are two factual misstatements in plaintiffs' reply memorandum that are in especial need of correction.

First, plaintiffs incorrectly assert that "Plaintiffs' claims are now split between two courts" and that "Plaintiffs' claims against Northfield must be litigated in Delaware as part of the bankruptcy proceedings." (Pl. Reply 8, emphasis in original.) In reality, plaintiffs' "claims against Northfield" are not being litigated in Delaware. The reason is simple. Bankruptcy courts do not waste their time adjudicating moot questions, such as the validity of bankruptcy claims when there is no money in the estate to pay those claims. Indeed, under the Bankruptcy Code, a trustee is not even required to examine and object to proofs of claim unless "a purpose would be served" by doing so. 11 U.S.C. § 704(a)(5) ("The trustee shall . . . if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper"); *see In re C. Keffas & Son Florist*, 240 B.R. 466, 474 (Bankr. E.D.N.Y. 1999) (holding that it is improper for a trustee to spend estate resources considering meaningless claims, "when no purpose would be served by objecting to general unsecured claims"). Here, in connection with the voting on the plan, the bankruptcy court determined that plaintiffs are so unlikely to receive any money from the estate that the bankruptcy court did not even permit them to vote on the plan. *See* Plan

Disclosure Statement, Dfs. Br. Ex. B at 10 ("Holders of Class 3 Securities Claims are <u>not</u> entitled to vote to accept or reject the Plan") (emphasis in original).

<u>Second</u>, plaintiffs incorrectly assert that "[u]nder the Plan of Liquidation, Defendants have consented to the exclusive jurisdiction of the Delaware Bankruptcy Court <u>and</u> the Delaware District Court for adjudication of these securities claims." (Pl. Reply 1, emphasis in original.) In reality, Mr. DeWoskin (who left the company seven years ago, in 2002) has had nothing to do with the bankruptcy plan, and he is not even included within the definition of "Former Officers" upon which Plaintiffs rely. DeWoskin simply has never consented for Delaware to have the exclusive jurisdiction over a claim that has been pending against him in <u>this</u> district for more than three years. Dr. Gould, who was the company's CEO during the bankruptcy proceedings, also did not consent to having these securities claims heard in Delaware. The Plan of Liquidation provides that the "Bankruptcy Court shall have exclusive jurisdiction of all matters <u>arising out of and related to the Bankruptcy Case</u> and this Plan." (Pl. Mem. Tab 1 Ex. A at § 11.01; emphasis added.) This securities case does not arise out of the bankruptcy case or the plan. Indeed, as noted above, this securities case was pending for three years before the bankruptcy petition even was filed.

| | |
|---|---|
| Dated: November 6, 2009 | Respectfully submitted, |
| | s/ Ronald L. Marmer |
| David C. Bohan | Ronald L. Marmer |
| Jason P. Shaffer | J. Kevin McCall |
| KATTEN MUCHIN ROSENMAN, LLP | C. John Koch |
| 525 W. Monroe | Suzanne J. Prysak |
| Chicago, IL 60661 | JENNER & BLOCK LLP |
| (312) 902-5200 | 330 N. Wabash |
| | Chicago, IL 60611 |
| | (312) 222-9350 |
| *Attorneys for Richard E. DeWoskin* | *Attorneys for Steven A. Gould, MD* |