# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 1493 | **DATE** | February 14, 2011 |
| **CASE TITLE** | In re: Northfield Laboratories, Inc. Securities Litigation | | |

**DOCKET ENTRY TEXT:**

Defendant's motion [306] to reassign and dismiss is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    The United States Bankruptcy Court for the District of Delaware recently transferred to the United States District Court for the Northern District of Illinois the case of *The Paul H. Shield MD, Inc. Profit Sharing Plan v. Northfield Laboratories, et al* ("Case No. 11-cv-265"). Case No. 11-cv-265 is currently assigned to Judge Hibbler. Defendant moves to reassign the case to this Court on the grounds that it is related to Case No. 06-cv-1493, *In Re: Northfield Laboratories*. The Court agrees.

    Pursuant to Local Rule 40.4 of the Local Rules of the United States District Court for the Northern District of Illinois, related cases may be reassigned if: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later-filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. *Local Rule 40.4(b)*. Two cases are related if they involve some of the same issues of fact or law. *Local Rule 40.4(a)(2)*. Here, the two cases are related. The allegations in Case No. 11-cv-265 are nearly identical to the allegations in Case No. 06-cv-1493, so the cases involve at least some of the same issues of law or fact, including whether or not defendants made actionable misstatements. In addition, the Court finds that the cases sufficiently meet the criteria of Local Rule 40.4(b). First, both cases are now pending in this district. Second, this Court, having ruled on two motions to dismiss and a motion for class certification, is sufficiently familiar with these cases that handling both will result in a substantial saving of judicial time and effort. Third, although the lower-numbered case has proceeded further than the higher-numbered case, reassignment will not delay the lower-numbered case, because (as discussed below), plaintiffs intend to dismiss the higher-numbered case. Finally, given the similarities, the cases are susceptible of disposition in a single proceeding. Accordingly, the Court grants the motion to reassign Case No. 11-cv-265 to this Court's calendar.

| STATEMENT |
|---|
| Next, defendant seeks to dismiss the reassigned case. As defendant points out, counsel for plaintiffs (in the transferred case) stated in open court that it was their intention to dismiss voluntarily the reassigned case once it was transferred to this district and reassigned to this Court. To be sure, the Court gave plaintiff an opportunity to object to the relief requested in this motion, and the plaintiff failed to object. Accordingly, this portion of the motion is also granted. Once the case is reassigned to this Court, the Court will enter an order dismissing the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. |